UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STIERWALT,<br><br>Petitioner,<br><br>v.<br><br>ASSOCIATED THIRD PARTY ADMINISTRATORS, et al.,<br><br>Respondents. | Case No. 16-mc-80059-EMC<br><br>**ORDER RE PETITIONER'S PETITION FOR HEARING TO DETERMINE VALIDITY OF THIRD-PARTY CLAIM OF SECURITY INTEREST**<br><br>Docket No. 4 |

Currently before the Court is Petitioner Richard Stierwalt's petition for a hearing to determine the validity of a third-party claim of security interest. At issue is a third-party claim submitted by Camofi Master LDC and Camhzn Master LDC (collectively, "Camofi"). Mr. Stierwalt has asked for the hearing to be held within twenty days of the filing of his petition. Under California Code of Civil Procedure § 720.310(c), a "hearing shall be held within 20 days after the filing of the petition unless continued by the court for good cause shown." Cal. Code Civ. Proc. § 720.310(c); *see also* Fed. R. Civ. P. 69(a)(1) (providing that "[a] money judgment is enforced by a writ of execution" and that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located").

The Court finds that there is good cause for the hearing to be held beyond the 20 days contemplated by § 720.310(c). The sum at issue is significant (more than $600,000), and, as a facial matter at least, the legal issues are not simple and easy to resolve (based on Mr. Stierwalt's statement of opposition to the third-party claim). Moreover, evidence may need to be presented to resolve the dispute. *See Cassel v. Kolb*, 72 Cal. App. 4th 568, 579-80 (1999) (noting that "[t]hird party claims are, by nature, summary proceedings" but "[t]hey are not so summary . . . that the

parties are denied the right to a trial with all of its due process protections[,] [n]or should they be so summary as to deny a party a right to a fair trial"); *see also Henderson v. Gruntz*, No. 89-55230, 1991 U.S. App. LEXIS 25092, at *3 (9th Cir. 1991) (stating that a "third party claimant may present evidence and testimony"); *cf.* Cal. Code Civ. Proc. § 720.230(b) (providing that, "[a]t a hearing on the third-party claim, the court in its discretion *may* exclude from evidence any writing a copy of which was not attached to the third-party claim") (emphasis added).

The Court shall hold a hearing (the form of which remains to be determined) on the validity of the third-party claim on **May 24, 2016, at 2:30 p.m.**

In advance of the hearing, the Court orders the parties to meet and confer to discuss how the hearing shall proceed. The parties should discuss, *inter alia*, what legal issues may need to be resolved by the Court and what evidence may be presented to the Court for consideration (*e.g.*, documents, testimony). The parties should also discuss what filings should be made in advance of the hearing. For example, as discussed with Court staff, it will be helpful for the Court if the equivalent of trial briefs are filed (no longer than 20 pages each).[1] Also, identification of supporting evidence (as well as the evidence itself if, *e.g.*, a document) should be filed with the Court in advance of the hearing. Of course, with respect to evidence, the parties should bear in mind that the proceeding here is, generally speaking, a summary proceeding, and thus the parties should tailor their evidence accordingly. **All pre-hearing filings, including any objections to evidence, shall be made three weeks in advance of the hearing.**

**IT IS SO ORDERED**.

Dated: April 22, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[1] Those briefs should address, *inter alia*, legal issues that may need to be resolved by the Court. Camofi's third-party claim and Mr. Stierwalt's statement in opposition constitute the pleadings in this case, *see* Cal. Code Civ. Proc. § 720.350(a), but a pleading is not necessarily a sufficient way to tee up legal issues for resolution.

2