1
2
3
4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    RICHARD STIERWALT,                    Case No. 16-mc-80059-EMC

8              Plaintiff,

9         v.                              **ORDER DENYING DEFENDANT AND
                                          THIRD PARTIES' MOTION TO**
10   ASSOCIATED THIRD PARTY                **ALTER, AMEND, AND/OR**
     ADMINISTRATORS, et al.,               **RECONSIDER JUDGMENT OR, IN
11                                          THE ALTERNATIVE, FOR RELIEF
               Defendants.                  FROM JUDGMENT**
12
                                          Docket Nos. 29-30
13

14         Previously, Petitioner Richard Stierwalt obtained a judgment in a New York federal court

15   against Respondent Associated Third Party Administrators ("ATPA"). Mr. Stierwalt then

16   obtained a writ of execution from this Court so that he could levy on monies held by ATPA in a

17   bank account held within this District. After the U.S. Marshal obtained the funds from the bank,

18   but before the funds could be released to Mr. Stierwalt, third parties CAMOFI Master LDC and

19   CAMHZN Master LDA (collectively, "CAM") filed a statement, stating that CAM had a security

20   interest in the monies in the bank account.

21         Mr. Stierwalt and CAM presented "trial briefs" to the Court, putting forward their

22   respective positions as to why they were entitled to the bank account funds. ATPA filed a

23   "joinder" in support of CAM. *See* Docket No. 15 (joinder). The Court ultimately held in favor of

24   Mr. Stierwalt, stating that it appeared CAM had a perfected security interest in the bank account

25   but that, "as a matter of law, Mr. Stierwalt can take the 'transferred' funds (*i.e.*, from the bank to

26   him) clear of the asserted security interest pursuant to [California Commercial Code] § 9332(b)."

27   Docket No. 25 (Order at 13).

28         ATPA has now filed a motion to alter, amend, or reconsider the Court's judgment pursuant

to Federal Rule of Civil Procedure 59(e). In the alternative, ATPA seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). CAM has joined in ATPA's motion. *See* Docket No. 30 (motion for joinder).

## I.  FACTUAL & PROCEDURAL BACKGROUND

As noted above, the Court previously found in Mr. Stierwalt's favor with respect to the dispute he had with CAM over the funds in the bank account. More specifically, the Court indicated that, in all likelihood, CAM had a security interest in the money in the bank account because (1) the money appeared to be proceeds from contract rights that ATPA had with its customers and (2) CAM had perfected its interest in the contract rights by filing the necessary UCC financing statements. *See* Docket No. 25 (Order at 8). Nevertheless, the Court also held that Mr. Stierwalt should prevail because of California Commercial Code § 9332(b) which provides that "[a] transferee of funds from a deposit account takes the funds free of a security interest in the deposit account." Cal. Comm. Code § 9332(b) (adding that this is the case "unless the transferee acts in collusion with the debtor in violating the rights of the secured party"). The Court took note that "an argument could be raised that a judgment creditor who gets funds from a deposit account pursuant to a writ of execution is not a 'transferee of funds' for purposes of § 9332(b)," Docket No. 25 (Order at 9), but found this argument had been rejected by the state court in *Orix Financial Services, Inc. v. Kovacs*, 167 Cal. App. 4th 242 (2008). Although the plaintiff in the case argued that "a judgment creditor is not the kind of transferee contemplated by section 9-332(b)," *id.* at 249, the state court disagreed. *See, e.g.*, *id.* at 250 (rejecting assertion that § 9332(b) "should not extend to a lien creditor who took possession of the funds by garnishment rather than any activity or payment by the debtor"; "there is no requirement that the debtor actively or even voluntarily make a payment" and a transfer "indisputedly [sic] occurred").

In the pending motion, ATPA now argues that the above conclusion of the Court was incorrect because § 9332(b) applies only where there is actually a completed transfer *to the judgment creditor* (as in *Orix*[1]) – and not where there is simply a "mid-point" transfer to a levying

---

[1] In other words, in *Orix*, there was a successful levy on the deposit accounts.

officer and there is a third-party objection which prevents the completed transfer to the judgment

creditor.  According to ATPA, California Commercial Code § 9315(f) supports this position.  That

statute provides that "[c]ash proceeds retain their character as cash proceeds while in the

possession of a levying officer pursuant to Title 6.5 (commencing with Section 481.010

[governing attachments]) or Title 9 (commencing with Section 680.010 [governing enforcement of

judgments]) of Part 2 of the Code of Civil Procedure."  Cal. Comm. Code § 9315(f).  ATPA

maintains that, under this provision, the bank account funds, while in the possession of the levying

officer, remained subject to the ordinary priority of claims, which would put CAM's interest ahead

of Mr. Stierwalt's (the former being senior to the latter).  CAM agrees with ATPA's position.[2]

## II. DISCUSSION

A.    Rule 59(e) Motion

ATPA and CAM have first moved for relief pursuant to Federal Rule of Civil Procedure

59(e).  Under the rule, "[a] motion to alter or amend a judgment must be filed no later than 28 days

after the entry of the judgment."  Fed. R. Civ. P. 59(e).

The Court agrees with Mr. Stierwalt that the Rule 59(e) motion is untimely (one day late).

That is, as Mr. Stierwalt contends, the clock started running once the Court issued its original

order and judgment (on May 24, 2016), and not when the Court issued its corrected order and

judgment (on May 25, 2016), because the correction was purely ministerial (*i.e.*, fixing the name

of the bank at issue where the ATPA deposit account was held).  *Cf. Day v. AT&T Disability

Income Plan*, 608 Fed. Appx. 454, 456 (9th Cir. 2015) (noting that "a district court's decision to

amend a judgment may re-start the period during which a litigant may appeal, provided that the

amended judgment differs materially from the earlier judgment"; adding that "[t]he test for

whether an amended judgment materially differs . . . is a practical one," focusing on "whether the

lower court, in its second order, has disturbed or revised legal rights and obligations which, by its

prior judgment, had been plainly and properly settled with finality") (internal quotation marks

---

[2] If CAM had not joined in ATPA's motion, then an argument could be made that ATPA lacks standing to seek relief as the dispute regarding the funds is ultimately between Mr. Stierwalt and CAM.  However, CAM has joined in ATPA's motion and there is no dispute that CAM has standing.

omitted); *United States v. Doe*, 374 F.3d 851, 853-54 (9th Cir. 2004) (stating that, "[w]here a district court enter an amended judgment that revises legal rights or obligations, the period for filing an appeal begins anew").

Furthermore, even if the Rule 59(e) motion were timely, the Court would still deny it on an independent ground – *i.e.*, that ATPA and CAM are raising a new argument (*i.e.*, one predicated on § 9315(f)) that it never raised before even though it could have. As the Supreme Court has noted, "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

B.    Rule 60(b)(6) Motion

ATPA and CAM are also formally moving for relief under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, Fed. R. Civ. P. 60(b), including, *e.g.*, a mistake, which, under Ninth Circuit law, includes a legal error by the court. *See* Fed. R. Civ. P. 60(b)(1); *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982) (noting that "[t]he law in this circuit is that errors of law *are* cognizable under Rule 60(b)") (emphasis in original). ATPA and CAM, however, have not invoked Rule 60(b)(1)'s mistake provision. Rather, they are asking for relief pursuant to Rule 60(b)(6)'s catch-all provision instead. *See* Fed. R. Civ. 60(b)(6) (allowing for relief "any other reason that justifies relief").

The Court denies ATPA and CAM relief pursuant to Rule 60(b)(6).

> A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." [The Ninth Circuit has] cautioned that this Rule is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."

*Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Here, Rule 60(b)(6) has not meet met because ATPA and/or CAM could have raised the argument in their "trial" briefs but they failed to do so. *Cf. Flynn v. Nat'l Asset Mgmt. Agency*, 303 F.R.D. 448, 452 (S.D.N.Y. 2014) (noting that

4

1    "[w]hatever may be the outer limit of Rule 60(b)(6), it affords sufficient justification for granting

2    relief based on an argument made for the first time following the entry of judgment, if ever, only

3    where counsel's failure to raise the argument earlier was 'so egregious and profound that [][it]

4    amount[ed] to the abandonment of the client's case altogether'") (citing *Harris v. United States*,

5    367 F.3d 74, 81 (2d Cir. 2004)); *see also Harris*, 367 F.3d at 81 (noting that Rule 60(b)(6) relief

6    for cases of alleged attorney failure or misconduct is very rarely granted).

7          Although ATPA and/or CAM could have sought relief pursuant to Rule 60(b)(1), they

8    have not done so and therefore any argument in reliance on that provision of the rule is waived.

9    Moreover, even if waiver were not an impediment, and even if the Court had committed clear

10   legal error in its order granting Mr. Stierwalt relief, *cf. McDowell v. Calderon*, 197 F.3d 1253,

11   1255 n.4 (9th Cir. 1999) (en banc) (per curiam) (stating that "we disapprove any suggestion . . .

12   that a refusal to reconsider is an abuse of discretion merely because the underlying order is

13   erroneous, rather than clearly erroneous[;] [i]n order to invoke our authority to review de novo for

14   ordinary error, a party must appeal the order itself, rather than a refusal to reconsider the order"),

15   the Court still is not persuaded that relief under Rule 60(b)(1) is proper under the circumstances.

16   The funds in dispute have now actually been transferred to Mr. Stierwalt, in which case there is

17   *now* a completed transfer (*i.e.*, the funds are not simply in the hands of the levying officer).  For

18   ATPA and CAM to argue that the transfer should now be undone goes directly against the policy

19   underlying § 9332(b) (that is, ensuring the free flow of funds).  *See* Cal. Comm. Code § 9315,

20   UCC Official Comments ¶ 3 ("The opportunity to upset a *completed transaction*, or even to place

21   a *completed transaction* in jeopardy by bringing suit against the transferee of funds, should be

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

5

severely limited.") (emphasis added).  Notably, ATPA and/or CAM could have sought a stay of the Court's order in favor of Mr. Stierwalt pending reconsideration and/or an appeal, but they did not do so.

### III. CONCLUSION

For the foregoing reasons, the Court denies both the Rule 59(e) and Rule 60(b)(6) motions. This order disposes of Docket Nos. 29 and 30.


**IT IS SO ORDERED**.


Dated: August 22, 2016

_____
EDWARD M. CHEN
United States District Judge